# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CYNTHIA MORRISON,**

        **Plaintiff,**

**-vs-**                                         **Case No.  6:11-cv-31-Orl-19DAB**

**BORDERS BOOKSTORE,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2) (Doc. No. 2)**
>
> **FILED:**     **January 11, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In this suit arising out of a confrontation at a Borders bookstore, Plaintiff seeks to proceed *in forma pauperis*. Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such

fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v*. *Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it is without arguable merit either in law or fact. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have "license to serve as de facto

counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's application to proceed in forma pauperis is incomplete and could be denied on those grounds alone. She wrote in that she received gross pay or wages of $694, then crossed it out, but then indicated in a separate question that she receives "disability or workers compensation payments," but failed to indicate the amount, as required. Doc. 2 at 1. Because Plaintiff could easily cure this deficiency, the Court considers whether states a claim on which relief can be granted.

Plaintiff filed her Complaint alleging "discrimination," harassment, and slander by employees of Borders Bookstore arising out of an incident at the store when the alarm went off as she entered. Doc. 1. According to the Complaint, Plaintiff offered to stow her previously purchased items from other stores with the employee, who refused. *Id*. Plaintiff again set off the alarm entering the restroom on two more occasions, with items purchased at other stores. *Id*. The manager at some point said to Plaintiff that maybe her "magnetic personality" had set off the alarm, and this offended Plaintiff because she felt the manager was "insinuating it . . . was an item from Borders [she] had stolen and hidden." *Id*. When a clerk later attempted to retrieve Borders books Plaintiff was carrying around the store, she swore (speaking to herself) and the manager asked her not to curse at the employees. *Id*. Plaintiff left the store. *Id.*

Under the facts as alleged by Plaintiff, she cannot state a civil rights or discrimination claim against Borders Bookstore and her Complaint should be dismissed. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. As is plain from the statute, § 1983 only applies against those who act under the color of law. In order "[t]o establish a claim under 42 U.S.C. § 1983, [plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

Plaintiff has not alleged that Borders Bookstore, a private corporation, or its employees, were state actors. "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). To find Defendant borders Bookstore a state actor, this Court must find either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). None of those factors have been alleged by Plaintiff in her Complaint. Moreover, Plaintiff was *not* arrested, was *not* accused of shoplifting, and she was not even asked to leave the store – under the facts as she alleges, she left of her own volition.

The case of *Maxie v. Wal-mart Store*, 2009 WL 1766686 (N.D. Ind. June 19, 2009) brought by a *pro se* plaintiff, is directly on point. In *Maxie,* the pro se plaintiff sued Wal-Mart for "harassing

and humiliating" him in front of other customers and employees when an alarm went off as he walked by with his purchases; after store employees checked the purchases against the receipt, he was allowed to leave. *Id*. at *1. The court held that the plaintiff failed to state a § 1983 civil rights claim because the plaintiff failed to allege the store was a state actor, it was a private entity. *Id*. at *3. Other bases for relief[1] were equally unavailing. *Id*.

Because the Court determines that Plaintiff's complaint fails to state a claim on which relief may be granted under the limited jurisdiction of the federal court, it is respectfully **RECOMMENDED** that her motion to proceed in forma pauperis be **DENIED** and her complaint be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 14, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] Plaintiff in *Maxie* also alleged Title VII violations, but Title VII only applies in the context of an employment relationship. *Maxie*, 2009 WL 1766686 at *4 (citing 42 U.S.C. § 2000e-2). He also failed to state a claim under 42 U.S.C. § 1981 or 1982. *Id*. Similarly in this case, Plaintiff does not allege an employment relationship, the making of a contract, or rights regarding real or personal property.