**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CYNTHIA MORRISON,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-31-Orl-19DAB**

**BORDERS BOOKSTORE (Winter Park Village),**

**Defendant.**

---

# ORDER

This case comes before the Court on the following:

1. Complaint against Borders Bookstore filed by Plaintiff Cynthia Morrison (Doc. No. 1, filed Jan. 11, 2011);

2. Motion for Leave to Proceed *in Forma Pauperis* by Plaintiff Cynthia Morrison (Doc. No. 2, filed Jan. 11, 2011);

3. Report and Recommendation on Plaintiff's Motion for Leave to Proceed in Forma Pauperis by United States Magistrate Judge David A. Baker (Doc. No. 5, filed Jan. 14, 2011); and

4. Objection to Report and Recommendation by Plaintiff Cynthia Morrison (Doc. No. 6, filed Jan. 31, 2011).

## Background

### I. Factual Allegations[1]

Plaintiff Cynthia Morrison brings this suit against Defendant Borders Bookstore ("Borders"), alleging discrimination, harassment, and slander arising out of an incident where the alarm went off as Morrison entered the Borders Bookstore in Winter Park Village. (Doc. No. 1.) According to the Complaint, Morrison offered to stow her previously purchased items from other stores with a store employee at the front desk, but the employee refused. (*Id.* at 2.) Morrison then set off the alarm entering the restroom on two occasions, allegedly due to items purchased at other stores. (*Id.* at 2.) The store manager at some point suggested to Morrison that her "magnetic personality" had set off the alarm, and this offended Morrison because she felt the manager was "insinuating it . . . was an item from Borders [she] had stolen and hidden." (*Id.* at 3.) When a clerk later attempted to retrieve Borders' books that Morrison was carrying around the store, Morrison swore to herself, and the store manager asked her not to curse at the employees. (*Id.*) Morrison thereafter left the store. (*Id.* at 3-4.)

### II. Procedural History

On January 11, 2011, Morrison filed a Complaint and a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. Nos. 1-2.) Three days later, United States Magistrate Judge David A. Baker entered a Report and Recommendation that the Complaint be dismissed and the Motion for Leave to Proceed *in Forma Pauperis* be denied because the Complaint failed to state a claim upon which

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

relief can be granted. (Doc. No. 5.) On January 31, 2011, Morrison filed an objection to the Report and Recommendation. (Doc. No. 6.)

## Standard of Review

### I. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**II. Objection to Report and Recommendation**

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its

discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* Local Rule 6.02.

**Analysis**

In recommending the dismissal of Morrison's Complaint for failure to state a claim upon which relief can be granted, Magistrate Judge Baker reasoned that Morrison failed to state a claim under 42 U.S.C. § 1983 because the alleged facts did not show that Borders was a state actor. (Doc. No. 5 at 4.) Magistrate Judge Baker further noted that no other federal basis for relief was implicated by the Complaint, as Morrison did not allege an employment relationship, the making of a contract, or rights regarding real or personal property. (*Id.* at 4 n.1.)

Morrison objects to the Report and Recommendation, arguing that Borders is a public facility and need not be a state actor to be liable under Section 1983 for a false accusation of theft and unequal treatment due to her race. (Doc. No. 6 at 1-2.) Morrison cites no legal authority in support of her arguments and merely alludes to the Greensboro sit-ins of 1960. (*Id.* at 1.) Morrison further claims that the store manager's statements to her created an innuendo of theft and therefore are actionable as slander. (*Id.* at 1-2.)

Morrison's Complaint does not identify any federal law upon which her claims of discrimination, harassment, and slander are based. (Doc. No. 1.) Construing the *pro se* Complaint liberally, *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), the Court finds that Morrison's factual allegations do not plausibly establish a federal claim.

Morrison fails to state a claim under 42 U.S.C. § 1983, which requires a plaintiff to plead facts showing: (1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Because Morrison alleges no facts indicating that Borders is a state actor, Plaintiff fails to state a claim under Section 1983. *See Maxie v. Wal-Mart Store*, No. 3:09-CV-260, 2009 WL 1766686, at *3 (N.D. Ind. June 19, 2009) (dismissing a Section 1983 claim against a retailer for harassment and humiliation arising out of the plaintiff's triggering a store alarm because the plaintiff failed to allege that the retailer was a state actor).

Morrison also fails to state a claim under 42 U.S.C. § 1981, which provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." A Section 1981 claim is not limited to actions taken by state actors. *Butts v. Cnty. of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000). However, "[t]o state a claim under § 1981, a plaintiff must identify 'an impaired contractual relationship . . . under which the plaintiff has rights.'" *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). Morrison fails to sufficiently plead a Section 1981 claim because she alleges no facts indicating that she formed or attempted to form a contractual relationship with Borders. *See id.* at 892 ("Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process. Rather, in the retail context, the plaintiff must demonstrate the loss of an actual contract interest." (internal quotation omitted)). The fact that Morrison felt "dejected, embarrassed, [and] angry" after leaving the store, without more, does not state a claim under Section 1981. (Doc. No. 1 at 4.)

Further, Morrison does not state a claim under 42 U.S.C. § 1982, which guarantees "[a]ll citizens of the United States . . . the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. "To establish a prima facie case, a plaintiff must allege facts to show that: (1) the plaintiff is a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned activities addressed in section 1982." *Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1150 (S.D. Fla. 2004) (citation omitted).

Plaintiff's failure to identify her race in the Complaint, by itself, precludes a finding that she stated a claim under Section 1982. *Id.* Moreover, Morrison does not allege any facts in her Complaint plausibly establishing interference with property rights, let alone interference with property rights due to her race. A Borders' employee initially declined to hold Morrison's belongings when she triggered an alarm upon entering the store. (Doc. No. 1 at 2.) After subsequently triggering the restroom alarm, a store manager allegedly took and searched Morrison's bag, (*id.*), but the bag was returned to Morrison, (*id.* at 3), and Morrison does not allege that Borders kept any items belonging to her. Morrison also contends that a store clerk took books that Morrison had gathered from the store and was reading. (*Id.*) However, Morrison does not allege that she had purchased or was attempting to purchase the books. Because these allegations do not plausibly establish intentional interference with Morrison's property rights on account of her race, Morrison fails to state a Section 1982 claim upon which relief can be granted.

In addition to claiming discrimination and harassment, Morrison asserts that she was slandered. (Doc. No. 1.) Slander is a state law claim. *See Gunder's Auto Ctr. v. State Farm Ins.*, 699 F. Supp. 2d 1339, 1341 (M.D. Fla. 2010) (listing the elements of slander under Florida law

(citing *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1140 (M.D. Fla. 2007)). Absent any well-pled federal cause of action, Morrison must establish an independent basis for federal jurisdiction over her state law slander claim. *See* 28 U.S.C. § 1367(a) (providing that state law claims without an independent jurisdictional basis may be raised in federal court only when part of the same case or controversy as claims within the court's original jurisdiction). Morrison's slander claim as pled does not fall within the Court's diversity jurisdiction because Morrison fails to allege facts demonstrating that she and Borders are diverse and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Accordingly, the Court lacks jurisdiction over Morrison's state law slander claim.

In summary, Morrison had not identified, and the Court does not find, any well-pled federal cause of action based on the allegations of the Complaint. Because Morrison has failed to state a claim upon which relief can be granted, her Complaint will be dismissed, and her Motion for Leave to Proceed *in Forma Pauperis* will be denied. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted . . . .").

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Objection to Report and Recommendation by Plaintiff Cynthia Morrison (Doc. No. 6) is **OVERRULED,** and the Report and Recommendation of Magistrate Judge David A. Baker (Doc. No. 5) is **ADOPTED** and **AFFIRMED**. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**, and the Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 2) is **DENIED**.

Plaintiff has fourteen (14) days from the date of this Order to file an Amended Complaint that complies with this Order and with the Report and Recommendation (Doc. No. 5). If Plaintiff chooses to proceed without paying the applicable filing fee, she must file a renewed application to proceed without prepayment of fees. Failure to comply with this Order may result in dismissal of this action without further warning.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 7, 2011.

Patricia C. Fawsett

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party